IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Willison Drayton, As Personal Representative of the Estate of Darryl Drayton, <br><br> Plaintiff, <br><br> v. <br><br> County of Charleston, Charleston County Sheriff's Office, J. Al Cannon, Jr. in his capacity as Sheriff of the Charleston County Sheriff's Office, Levi Reiter, and William Fawcett Department of Transportation <br><br> Defendants. | Civil Action No. 2:14-cv-3488-RMG-MGB <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

Plaintiff filed this wrongful death action on behalf of the estate of his deceased father, Darryl Drayton, alleging that deputies of the Charleston County Sheriff's office used excessive force upon decedent during their attempt to place him under arrest. Plaintiff brings suit against Defendants under 42 U.S.C. § 1983 for violation of Federal Civil Rights, and brings South Carolina state law claims under the South Carolina Tort Claims Act ("SCTCA"). This matter is before the Court on Defendants' Motion to Dismiss, (Entry 10), filed on October 20, 2014. On November 17, 2014, Plaintiff filed his response in opposition to Defendants' Motion to Dismiss. (Entry 21.) This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), D.S.C. Because this Motion is dispositive, a Report and Recommendation is entered for the court's review.

**BACKGROUND**

This lawsuit aries out of the fatal shooting of Darryl Drayton on October 12, 2013 by Defendant Deputy Levi Reiter and Defendant Deputy William Fawcett of the Charleston County Sheriff's Office. According to Plaintiff's complaint, Defendants Reiter and Fawcett responded to a 911 call from a residence on James Island in Charleston County, South Carolina. (Entry 1 at 5.) Upon their arrival, other deputies with the Charleston County Sheriff's office were on the scene and had decedent detained. (Id.) During this time, Plaintiff asserts that the deputies utilized tasers in their attempt to apprehend decedent, which resulted in decedent fleeing on foot and jumping a fence. (Id.) Plaintiff's complaint alleges that once decedent jumped the fence, and while his back faced the deputies, Defendant Reiter and Defendant Fawcett discharged their service weapons at decedent and struck him with six bullets. (Id.) Plaintiff asserts that decedent was pronounced dead at the scene as a result of the gunshot wounds. (Id.)

Plaintiff brings this wrongful death action against Defendants pursuant to 42 U.S.C. § 1983 for use of excessive force during decedent's arrest under the Fourth and Fourteenth Amendments to the Constitution. (ECF 1 at 6-10.) Additionally, Plaintiff brings state law claims for negligence, gross negligence, and a claim for common law obstruction of justice against Defendant Reiter and Defendant Fawcett.[1]

---

[1] In his seventh cause of action, Plaintiff asserts a claim for common-law obstruction of justice . However, Plaintiff stipulates to the dismissal of this cause of action without prejudice. (Entry 21 at 4.) As such, the undersigned recommends dismissing Plaintiff's claim for common-law obstruction of justice.

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)).  And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**DISCUSSION**

As noted above, Defendants filed a Motion to Dismiss on October 20, 2014.  In their motion, Defendants move to dismiss the County of Charleston and Sheriff J. Al Cannon Jr., in his official capacity, as party defendants from this suit.  Next, Defendants move to dismiss Plaintiff's state law claims against the individual Defendants Levi Reiter and William Fawcett.  Finally, Defendants move to dismiss Plaintiff's claim for common law obstruction of justice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim[2].  The undersigned will address Defendants' Motion in turn.

---

[2] Plaintiff stipulates to the dismissal of this cause of action without prejudice. (Entry 21 at 4.)

**I.      Motion to Dismiss Charleston County and Sheriff J. Al Cannon Jr., in his Official Capacity**

Defendants maintain that Sheriff J. Al Cannon, Jr. should be dismissed, in his official capacity, as a party defendant in this lawsuit. The undersigned agrees.

The Eleventh Amendment bars suits brought by citizens against nonconsenting states in federal court unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override this immunity. See Board of Trustees v. Garrett, 531 U.S. 356 (2001). This Eleventh Amendment immunity extends to "arm[s] of the State." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280(1977), including state agencies and state officers acting in their official capacity. Gray v. Laws, 51 F.3d 426, 430 (4th Cir.1995). In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. See Edwards v. Lexington Cnty. Sheriff's Department, 688 S.E.2d 125, 127 n. 1 (2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). As an arm of the State, Sheriff J. Al Cannon, Jr., in his official capacity, is immune from suit under the Eleventh Amendment. Comer v. Brown, 88 F.3d 1315, 1332 (4th Cir. 1996); McConnell v. Adams, 829 F.2d 1319, 1328–29 (4th Cir.1987) (suit against sheriff in official capacity is barred by the Eleventh Amendment). Accordingly, the undersigned recommends that Sheriff J. Al Cannon, Jr. be dismissed as a party defendant in this case.

As to Defendant Charleston County, the undersigned recommends denying the Defendants' motion to dismiss Charleston County as a named defendant. In Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), the Supreme Court held that a municipality or other local government is subject to § 1983 liability, but only when the violation of a plaintiff's federally protected right can be attributable to the enforcement of a municipal

4

policy, practice, or decision of a final municipal policy maker. Id. at 694. See also Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (quoting Monell, 436 U.S. at 694); Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir.1984).  For instance, in City of Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court held that deliberately indifferent training may rise to the level of an official government policy for purposes of § 1983 municipal liability.[3]  Thus, a plaintiff who seeks to assert a § 1983 claim against a county for acts done by a county official or employee is obliged to identify a county policy, or custom that caused the plaintiff's injury.

Here, Plaintiff makes specific factual allegations that Charleston County maintained a policy or custom that resulted in the alleged violation of decedent's civil rights.  Plaintiff's complaint alleges that "Defendants departed from the duties of care required by municipalities...in implementing and executing policies, procedures, standards, protocols, regulations, and customs that ignored and jeopardized the rights of citizens ...."(ECF 1 at 8 ¶ 28.)  Furthermore, Plaintiff alleges that Charleston County was deliberately indifferent to the alleged violations of Plaintiff's rights by failing to enforce the proper protocols, procedures, and standards for law enforcement officers use of deadly force. (Id.)  Taking the factual allegations in the complaint as true, the undersigned finds that Plaintiff's

---

[3]The Court observed:
[i]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.  In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury. Id. at 390 (footnotes omitted). See also Connick v. Thompson, 131 S. Ct. 1350, 1360-61 (2011).

complaint contains sufficient facts plausible to maintain a claim against Charleston County under 42 U.S.C. § 1983. Therefore, it is recommended that Defendants' motion to dismiss Charleston County as a named defendant be denied.

## II. Motion to Dismiss Plaintiff's State Law Claims against Defendants Levi Reider and William Fawcett

Plaintiff brings state law claims for negligence and gross negligence under the South Carolina Tort Claims Act ("SCTCA") against individual Defendants Levi Reiter and William Fawcett. Defendants assert that Deputy Reiter and Deputy Fawcett were acting within the course and scope of their official duties during all times relevant to the allegations in the complaint and, therefore, the negligence claims against them should be dismissed pursuant to Section 15-78-70(c) of the SCTCA, which provides that if an action is filed against a state employee acting within the scope of his official duty, the agency or political subdivision for which the employee was acting must be named or substituted as the party defendant. Id.

Here, the undersigned recommends that the Court deny Defendants' motion to dismiss Plaintiff's state law claims against Defendants Reiter and Fawcett. Under the SCTCA, an employee of a governmental entity who commits a tort while acting within the scope of his official duty is generally not liable, and the plaintiff must sue the governmental agency itself. S.C.Code Ann. § 15–78–70(a). However, the SCTCA does not grant an employee "immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C.Code Ann. § 15–78–70(b); See also S.C.Code Ann. § 15–78–60(17). In such a case, a government employee can be held

personally liable. Here, Plaintiff brings suit against Reiter and Fawcett in their *individual* capacities, and has specifically alleged in his complaint that Defendants Reiter and Fawcett acted in a willful, wanton, and reckless manner during their efforts to apprehend decedent. (ECF 1 at 5.) Additionally, Plaintiff's complaint states that Defendants departed from their prevailing duties of care "in failing to adhere to proper law enforcement policies, procedures, standards, customs, and protocols when pursuing, approaching, and attempting to apprehend a person and regarding the handling and use of a deadly weapon." (Id. at 8.) Taking these allegations in the complaint as true, the undersigned finds that Plaintiff's complaint contains sufficient facts plausible to maintain a negligence and gross negligence claim against Defendants Reiter and Fawcett in their individual capacity. Therefore, it is recommended that dismissal is not appropriate at this stage of the litigation on Plaintiff' state law claims against Defendants Reiter and Fawcett.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' Motion to Dismiss (Entry 10) be GRANTED IN PART and DENIED IN PART. Specifically, it is recommended that the Court grant Defendants' motion to dismiss Sheriff J. Al Cannon, Jr., in his official capacity, as a defendant in this case. Next, it is recommended that the Court deny Defendants' motion to dismiss Charleston County as a named Defendant in this lawsuit, and deny Defendants' Motion to Dismiss Plaintiff's state law causes of action against Defendants Levi Reiter and William Fawcett. Finally, it is recommended that Plaintiff's cause of action for common-law obstruction of justice be dismissed without prejudice pursuant to Plaintiff's stipulation of dismissal. (Entry 21 at 4.)

**IT IS SO RECOMMENDED**

Signature block on following page

July 10, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).