IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Willison Drayton, as Personal Representative of the Estate of Darryl Drayton, <br><br> Plaintiff, <br><br> v. <br><br> County of Charleston, Charleston County Sheriff's Office, J. Al Cannon, Jr. in his capacity as Sheriff of the Charleston County Sheriff's Office, Levi Reiter, and William Fawcett, <br><br> Defendants. | Civil Action No. 2:14-3488-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 40) recommending that this Court deny in part and grant in part the Defendants' partial Motion to Dismiss (Dkt. No. 10). The Court grants the partial Motion to Dismiss.

**Background**

Plaintiff Willison Drayton, as personal representative of the estate of Darryl Drayton (Decedent), alleges that deputies of the Charleston County Sheriff's Office used excessive force upon Decedent while attempting to place Decedent under arrest and executed their duties in a negligent, grossly negligent, willful, wanton, and reckless manner, and that the named defendants are liable for the actions leading to Decedent's death under federal and state law. According to the complaint, Defendants Reiter and Fawcett responded to a 911 call from a residence in James Island in Charleston County, South Carolina on October 12, 2013. (Dkt. No. 1 at 5). Upon their arrival, other deputies with the Charleston County Sheriff's office were on

the scene and had Decedent detained. (*Id.*) The deputies utilized tasers in their attempt to apprehend him, and he fled on foot and jumped a fence. (*Id.*) Plaintiff's complaint alleges that once Decedent jumped the fence, and while his back faced the deputies, Defendant Reiter and Defendant Fawcett discharged their service weapons at Decedent and struck him with six bullets. (*Id.*). Decedent was pronounced dead at the scene as a result of the gunshot wounds. (*Id.*).

Plaintiff brings a constitutional claim against Defendants pursuant to 42 U.S.C. § 1983 for use of excessive force during decedent's arrest under the Fourth and Fourteenth Amendments to the Constitution. (Dkt. No. 1 at 6-10). Additionally, Plaintiff brings state law claims for negligence, gross negligence, and a claim for common law obstruction of justice. Defendants filed a partial Motion to Dismiss on October 20, 2014 (Dkt. No. 10). Plaintiff filed a response on November 17, 2014 (Dkt. No. 21) and the Magistrate Judge issued a Report and Recommendation on July 10, 2015 (Dkt. No. 40). Defendants filed objections to the R&R on August 5, 2014 (Dkt. No. 44). Plaintiff has stipulated to dismissal of the obstruction of justice claim. (Dkt. No. 21 at 4). The Court reviews the remaining claims, dismisses certain causes as to certain defendants, and identifies four claims that are appropriate for further litigation.

## Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Defendants have filed a partial Motion to Dismiss, requesting that the state law causes of action be dismissed as to the individual defendants, Levi Reiter and William Fawcett, and that the County of Charleston be dismissed entirely. (Dkt. No. 10-1). They also argue that because Charleston County Sheriff's Office (CCSP) and J. Al Cannon, Jr. are essentially the same entity, one or the other should be dismissed.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### 1. South Carolina Tort Claims Act

The South Carolina Tort Claims Act (SCTCA) waives the sovereign immunity of state agencies and entities for the purpose of allowing tort claims against those entities based on the actions of their employees. The SCTCA specifies that "[i]n the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as a party defendant." S.C. Code Ann. § 15-78-70(c). The statute covers employee conduct insofar as it is not "outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code

3

Ann. § 15-78-60. Here, the complaint clearly alleges that Defendants Reiter and Fawcett were both "at all times relevant hereto acting under color of state law and in the course and scope of his duties as a deputy for Defendant Charleston County Sheriff's Office (CCSO) and Defendant COC [County of Charleston]." (Dkt. No. 1 at 3). Therefore, the only appropriate defendant for the tort claims is the sheriff's office, and the SCTCA claims against Defendants Reiter and Fawcett are accordingly dismissed.

### 2. South Carolina Tort Claims Act Claim Against Charleston County and the Charleston County Sheriff's Office

Plaintiff's complaint names Charleston County as a defendant in the SCTCA claim on the theory that it was the "agency or political subdivision for which the employee[s]" were acting, with the employees referring to Defendants Reiter and Fawcett. However, as Defendants point out, the term "county sheriff" is, in South Carolina, a geographic description rather than a political one. County sheriffs are not hired by, and are not answerable to, the counties that they serve, but are rather elected in general elections. The sheriffs' offices were created by and are governed by the State of South Carolina directly. *See* S.C. Code Ann. § 23-11-10 et seq.; § 4-9-650. Therefore, the sheriff's office itself is the appropriate entity responsible for the acts of its employees, and the state claims are properly levied against CCSO but not Charleston County. The SCTCA claims against Charleston County are therefore dismissed, and the SCTCA claim against CCSO remains. Since the parties' briefing did not address the appropriateness of Charleston County as a Section 1983 defendant, the Court does not pass on the federal claims against Charleston County at this time.

4

### 3. The Charleston County Sheriff's Office and J. Al Cannon, Jr. in His Official Capacity

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, Defendants are correct that Sheriff Cannon, in his official capacity, and CCSO are essentially the same defendant, and the Court dismisses Sheriff Cannon without prejudice.

### Conclusion

The Court has reviewed the R&R, the full administrative record in this matter, the relevant legal authorities, and Defendants' objections to the R&R. It GRANTS the partial Motion to Dismiss, DISMISSES the state torts claims as to Defendants Reiter and Fawcett, DISMISSES Defendant Sheriff Cannon without prejudice, and DISMISSES Defendant Charleston County. The case will proceed on the constitutional excessive force claim against the individual defendants and the tort claims (negligence, gross negligence, wrongful death, and survivorship) against the Charleston County Sheriff's Office.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 13, 2015
Charleston, South Carolina